

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JASON SCHMIT, | 5:23-CV-05014-CBK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| TRIMAC TRANSPORTATION INC., | |
| Defendant. | |

Plaintiff Jason Schmit brings this action against defendant Trimac Transportation, Inc. alleging violations of the Americans with Disabilities Act and South Dakota state employment law. This matter is before the Court on the defendant's motion to dismiss.

**I.    Background**

Mr. Schmit drove truck for Trimac Transportation, a freight carrier. At some point during his term of employment, Mr. Schmit was diagnosed with Parkinson's Disease. Accordingly, Mr. Schmit requested accommodations that he alleges Trimac initially accepted. Mr. Schmit alleges that after several years of Trimac accommodating his work restrictions, he received a new supervisor, Mr. Gene Williams, who made it clear that he would not accommodate Mr. Schmit's disability. After much discussion with Trimac, Mr. Schmit formalized his accommodations. But Mr. Schmit alleges that his new supervisor did not abide by the agreed upon accommodations and assigned him new tasks that he was not previously responsible for while generally treating him differently than other drivers. Several months later after a day's work, Mr. Schmit parked his truck on Trimac's premises as he customarily did, expressed his distaste with how Trimac was treating him to a colleague, and took his personal belongings from the truck. Mr. Schmit apparently believed that his truck was being serviced and that he did not need to return to work until he received a call from Trimac informing him that the truck was ready. After

being denied access to Trimac's employee portal, Mr. Schmit inquired about his employment status and learned from Trimac that it viewed his conduct as a resignation.

After Mr. Schmit's claimed termination from Trimac, he filed a charge with the South Dakota Division of Human Rights and concurrently filed the same charge with the United States Equal Employment Opportunity Commission. The Division of Human Rights denied Mr. Schmit relief in a determination of no probable cause and order of dismissal. Because Mr. Schmit's charge included claims pursuant to Title I of the Americans with Disabilities Act, he sought review of that decision with the Commission. The Commission adopted the findings of the Division of Human Rights, dismissed Mr. Schmit's charge, and gave notice of the right to sue. Mr. Schmit then initiated this lawsuit.

## II. Analysis

Trimac's motion to dismiss does not contest the facts of Mr. Schmit's various claims but focuses on whether Mr. Schmit followed procedural requirements. Trimac argues first that all Mr. Schmit's federal law claims under the Americans with Disabilities Act are time barred because they were not properly filed with 90 days of the receipt of the Commission's determination. Second, Trimac argues that Mr. Schmit's claims for hostile work environment and retaliation under the Americans with Disabilities Act are barred because Mr. Schmit failed to allege the claims in his charge. Trimac makes this same argument in relation to the state law claims for hostile work environment and retaliation and separately argues that Mr. Schmit failed to exhaust administrative remedies in accordance with state law. Finally, Trimac argues that Mr. Schmit's claim for wrongful termination should be dismissed because it is not a standalone federal claim and the Court should decline to exercise its supplemental jurisdiction over a potential state law claim.

### a. Americans with Disabilities Act Claims

Trimac moves to dismiss Mr. Schmit's claims made pursuant to the Americans with Disabilities Act for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because he failed to exhaust administrative remedies. The motion is

properly viewed under Rule 12(b)(6) in regard to these claims. The exhaustion requirements of the Americans with Disabilities Act mirror those in Title VII of the Civil Rights Act. See 42 U.S.C. § 12117(a); Randolph v. Rodgers, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the Civil Rights Act of 1964 and Title I of the [Americans with Disabilities Act] both require exhaustion of administrative remedies."). The Supreme Court ruled in Fort Bend County v. Davis that Title VII's charge-filing requirement is "a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts." 139 S. Ct. 1843, 1850–51 (2019). So, with respect to Mr. Schmit's claims made pursuant to the Americans with Disabilities Act, the motion should be viewed through the lens of Rule 12(b)(6).

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes that all facts in the complaint are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Jacobson Warehouse Co. v. Schnuck Mkts., Inc., 13 F.4th 659, 668 (8th Cir. 2021); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive the motion to dismiss. C.N. v. Willmar Pub. Schs., Indep. Sch. Dist. No. 347, 591 F.3d 624, 630 (8th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A court generally may not consider materials outside the pleadings when deciding a motion to dismiss for failure to state a claim." Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)). But courts may "consider 'some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings.'" Id. (quoting Porous Media Corp., 186 F.3d at 1079).

Mr. Schmit brings three claims under the Americans with Disabilities Act. He alleges that he faced discrimination, that he was subject to a hostile work environment, and that he faced retaliation. Trimac first argues that the Court should dismiss all three of Mr. Schmit's claims based on what appears to be an incorrect date written in the

3

complaint.[1] Mr. Schmit's complaint states he received the Commission's determination and notice of rights on December 15, 2022. The complaint references an exhibit that was not actually attached. With its brief, Trimac attached the determination and notice of rights as an exhibit that clearly states that the notice was issued on December 15, 2022, and was stamped as received by Mr. Schmit's attorney on December 27, 2022. Trimac states that the document has not been authenticated and attempts to contest the legitimacy of the stamped date.[2] In his opposition brief, Mr. Schmit attaches an identical copy of the Commission's notice with the same dates that he states is true and correct and accuses Trimac of making frivolous arguments. The entire issue could have been avoided by plaintiff's attorney proofreading the complaint and verifying that documents were properly attached. Trimac's motion to dismiss Mr. Schmit's Americans with Disabilities Act claims for lack of timeliness is denied, and Mr. Schmit should be permitted to file an amended complaint.

Trimac next argues that Mr. Schmit's claims for hostile work environment and retaliation should be dismissed because he did not exhaust administrative remedies by alleging the claims in his charge. To exhaust administrative remedies, a charge must "provide the [Commission] with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation." Moses v. Dassault Falcon Jet–Wilmington Corp., 894 F.3d 911, 919–

---

[1] Although this is a motion to dismiss, the Court will consider materials outside of the pleadings related to Mr. Schmit's charge. As the defendant notes, several of these documents appear to have been intended as attachments to Mr. Schmit's complaint but were left out as exhibits. Nevertheless, they are "necessarily embraced by the pleadings" and the Court will consider the various documents without converting this into a motion for summary judgment.

[2] Apparently in Trimac's view, the U.S. Postal Service operates efficiently and without delay, particularly during the winter months throughout the Midwest of the United States. Perhaps it has forgotten that this past December, two large snowstorms and accompanying severe weather disrupted transportation across the Midwest. This Court was itself closed for four days during the relevant time that Trimac calls into question, in addition to the Christmas holiday. In any event, litigating weather events and the speed of the U.S. Postal Service is outside the purview of this Court.

20 (8th Cir. 2018) (quoting Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005)). Here, there is no question that Mr. Schmit filed a charge with the Commission. But Trimac argues that because he only checked the box on the charge for "disability," the charge did not allege hostile work environment or retaliation. Although Eighth Circuit precedent is narrow, it is not that narrow. Claims brought in a federal lawsuit must be "reasonably related" to the factual claims alleged in the charge filed with the Commission. See Wedow v. City of Kansas City, 442 F.3d 661, 673 (8th Cir. 2006). And Courts "construe administrative charges liberally" for their scope of what is being alleged. Weatherly v. Ford Motor Co., 994 F.3d 940, 944 (8th Cir. 2021). Mr. Schmit alleged in his charge that he "was not reasonably accommodated and was constructively discharged." He detailed the timeframe of his employment with Trimac, his Parkinson's diagnosis, request for accommodations, Mr. Williams' conduct in refusing to accommodate his medical restrictions and assignment of additional duties, and his ultimate separation from the company. A claim for retaliation or hostile work environment "could reasonably be expected to grow out of the charge" that Mr. Schmit filed with the Commission. Id. at 945; see also Parisi, 400 F.3d at 585 ("The claims of employment discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge."). The general basis for Mr. Schmit's complaint is that he was discriminated against, retaliated against, and subject to a hostile work environment because he was disabled and requested accommodations for his disability, which are claims factually alleged in his charge.

Of course, the Eighth Circuit has ruled that "retaliation claims are not reasonably related to underlying discrimination claims." Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 852 (8th Cir. 2012) (quoting Wedow, 442 F.3d at 673). Before Wedow, a plaintiff could allege a retaliation claim for suffering an adverse employment action after filing the charge—itself a protected activity—having never alleged those facts in an amended or second charge. The Wedow Court ruled that a plaintiff must exhaust administrative remedies for that type of retaliation claim by separately alleging the

factual basis underlying the retaliatory activities. See Richter, 686 F.3d at 851–52 (reviewing the history of Eighth Circuit precedent related to exhausting administrative remedies for retaliation claims). Because "each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice,'" each must be separately exhausted. Id. at 851 (quoting Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)). But that is not the case here. Mr. Schmidt filed his charge after parting ways with Trimac, and the claims stated in his complaint mirror the factual claims he made in his charge filed with the Commission. He is not seeking to bring a retaliation claim based on anything Trimac did because he filed a charge alleging discrimination. Although he did not check the box for retaliation, he alleged facts that could suggest retaliation and hostile work environment resulting from being disabled and seeking disability accommodations. Trimac's motion to dismiss Mr. Schmit's federal claims for hostile work environment and retaliation should be denied.

### b. State Law Claims

Mr. Schmit also brings state law claims for disability discrimination and hostile work environment pursuant to SDCL § 20-13-10, retaliation pursuant to SDCL § 20-13-26, and wrongful termination.[3] To hear these claims, the Court would need to exercise supplemental jurisdiction because the claims do not implicate a federal question and Mr. Schmit does not appear to invoke diversity jurisdiction. These claims "form part of the same case or controversy" for purposes of 28 U.S.C. § 1367, however, when hearing claims that arise under state law, a federal court must apply that state's substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). "The Erie principles apply equally in the context of [supplemental] jurisdiction." Witzman v. Gross, 148 F.3d 988,

---

[3] South Dakota is an employment at-will state. See SDCL § 60-4-4. The South Dakota Supreme Court adopted a narrow exception to the statutory at-will employment doctrine and allows a cause of action for wrongful discharge where an employer discharges an employee in violation of certain public policy considerations. See Johnson v. Kreiser's Inc., 433 N.W.2d 225, 227–28 (S.D. 1988).

6

990 (8th Cir. 1998) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)). The Court will apply the law of South Dakota as interpreted by the South Dakota Supreme Court to Mr. Schmit's state law claims.

Because Trimac challenges the Court's subject matter jurisdiction over these claims, the motion is properly viewed under Rule 12(b)(1). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (quoting Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Under a facial challenge, the plaintiff receives the same protections as a motion to dismiss under Rule 12(b)(6). See id. Under a factual challenge, the Court may consider matters outside the pleadings. Id. Here, Trimac indicates that it is making a factual challenge to the Court's subject matter jurisdiction. The only documents relevant to the question at hand are already arguably encompassed by the complaint and could seemingly be considered under either standard.

Like the argument related to the Americans with Disabilities Act claims, Trimac also argues that Mr. Schmit's state law claims for retaliation and hostile work environment should be dismissed because they were not properly alleged in Mr. Schmit's charge. Trimac does not cite any South Dakota state law to support this contention, and the Court is aware of no South Dakota Supreme Court case that does. The South Dakota Supreme Court has generally interpreted the State's antidiscrimination statutes similarly to federal statutes and Eighth Circuit precedent. See Davis v. Wharf Res. (USA) Inc., 867 N.W.2d 706, 714 (S.D. 2015) (applying Eighth Circuit precedent to SDCL § 20-13-10); see also Huck v. McCain Foods, 479 N.W.2d 167, 169 (S.D. 1991) (noting that SDCL § 20-13-10 is comparable to Title VII). For the same reasons that relate to the federal claims of the same nature, this argument to dismiss Mr. Schmit's statutory state law claims fails.

Mr. Schmit's three statutory claims, however, must be dismissed because the Court does not have jurisdiction to hear them. South Dakota has established a statutory procedure for claiming workplace discrimination. "[H]arassment claims must first be

7

filed with the South Dakota Division of Human Rights in order to exhaust administrative remedies." Montgomery v. Big Thunder Gold Mine, Inc., 531 N.W.2d 577, 579 (S.D. 1995). If the Division of Human Rights determines there is no probable cause supporting the allegations, its order dismissing the charge is considered a final agency action for purposes of appeal. See SDCL § 20-13-28.1. And pursuant to SDCL § 1-26-30, Mr. Schmit had the right and obligation, if he felt aggrieved, to appeal the Division's order within 30 days of the date of dismissal before he could file a lawsuit. See Jansen v. Lemmon Fed. Credit Union, 562 N.W.2d 122, 124 (S.D. 1997) ("It is a settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. Failure to exhaust remedies is a jurisdictional defect."). Mr. Schmit does not state in his complaint that he appealed the Division of Human Right's order of dismissal pursuant to South Dakota law,[4] so a South Dakota state court would be unable to hear his claims. Mr. Schmit contends that he "did not seek remedies in state court; he brought suit in this federal court," and that none of the South Dakota Supreme Court cases are relevant.[5] That argument misstates the law. Erie requires the Court to apply state substantive law to

---

[4] Mr. Schmit states in his complaint that he "has exhausted his administrative remedies and has satisfied all of the procedural and administrative requirements as set forth in 42 U.S.C. § 2000e-5." Satisfying the procedural requirements to bring claims under the Americans with Disabilities Act in federal court is not the same as satisfying the procedural requirements to bring similar claims under South Dakota state law.

[5] Mr. Schmit also argues in his opposition brief that as a result of the worksharing agreement between the South Dakota Department of Labor and the Commission, "state remedies do not have to be exhausted for [Mr.] Schmit to proceed with his claims in federal court." That is true as it relates to his federal claims. See Ford Bend Ctny., 139 S. Ct. at 1846 ("If the state or local agency has a 'worksharing' agreement with the EEOC, a complainant ordinarily need not file separately with federal and state agencies. She may file her charge with one agency, and that agency will then relay the charge to the other."). The cases that Mr. Schmit cites from various federal circuit courts of appeal indicate that pursuant to a worksharing agreement, a claimant does not need to exhaust state remedies before filing a federal discrimination action in federal court. The same cannot be said for South Dakota antidiscrimination law as interpreted by the South Dakota Supreme Court.

8

this federal suit and had Mr. Schmit brought his claims in state court, that court would also be barred under South Dakota law from hearing the claims. The South Dakota Supreme Court specifically stated with respect to the State's employment discrimination laws that "any claim over which an agency had jurisdiction that is raised and rejected is barred from being brought elsewhere under the doctrine of res judicata." Jansen, 562 N.W.2d at 124. Accordingly, this Court also lacks the jurisdiction to hear his claims arising under state law. See also Fox v. Ritz-Carlton Hotel Co., 977 F.3d 1039, 1050–51 (11th Cir. 2020) (holding that Erie requires a federal court to apply state law on administrative exhaustion and treat an unexhausted claim the same way that a state court would). Ruling otherwise would create the precise scenario that the Erie doctrine is designed to prevent. See Hanna v. Plumer, 380 U.S. 460, 468 (1965) ("[T]he twin aims of the Erie rule [are] discouragement of forum-shopping and avoidance of inequitable administration of the laws."). Trimac's motion to dismiss with respect to Mr. Schmidt's three state statutory claims, Counts II, IV, and VI, should be granted.

That exhaustion requirement, however, does not apply to Mr. Schmit's state law claim for wrongful termination. The Court has original jurisdiction over Mr. Schmidt's claims pursuant to the Americans with Disabilities Act. The facts alleged relating to his wrongful termination claim "form part of the same case or controversy" as his federal claims. See Starkey v. Amber Enterprises, Inc., 987 F.3d 758, 765–66 (8th Cir. 2021) (quoting 28 U.S.C. § 1367(a)). Trimac recognizes in its motion that constructive discharge may form the basis for a wrongful termination claim under South Dakota law. Supplemental jurisdiction over this state law claim is proper and Trimac's motion to dismiss the claim should be denied.

Finally, in its opposition brief to Trimac's motion to dismiss, Mr. Schmit argues that Trimac should be sanctioned by paying Mr. Schmit's attorneys fees to respond to the motion to dismiss. The request under Rule 11 is not properly brought. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(1)(A); see also Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003). Mr. Schmit did not

9

follow the procedure outlined in Rule 11. If Mr. Schmit wished to oppose the notice that Trimac filed with the Court extending the time period to respond to the complaint, see Doc. 5, the proper time to do so was within the period of extension, not more than a month and a half later in a brief opposing a motion to dismiss. Plaintiff's attorney also failed to comply with Federal Rule of Civil Procedure 11, another reason to summarily deny the motion. The request for sanctions should be denied.

Now, therefore, it is ordered:

1. Trimac's motion to dismiss Mr. Schmit's complaint, Doc. 8, is granted with respect to Counts II, IV, and VI, and denied with respect to Counts I, III, V, and VII.
2. Mr. Schmit's motion for attorney's fees (sanctions) pursuant to Rule 11, Doc. 14, is denied.
3. Mr. Schmit may file an amended complaint within ten (10) days of this order. Mr. Schmit asked in a brief that he be permitted to amend his complaint. This is improper procedure. Local Rules require a motion and a copy of the proposed amended complaint. See L.R. 15.1, MOTIONS TO AMEND PLEADINGS. The Court will nevertheless grant leave to file an amended complaint given the mix-up on dates.
4. Plaintiff's counsel shall file a statement certifying that she has a copy of the local rules and that she has read them. She shall also certify that she has read Federal Rule of Civil Procedure 11.

DATED this 13th day of June, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge